IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARLO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02211-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| PLANTERS GIN COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CLAIMS FOR FAILURE TO PROSECUTE**

Plaintiff sued Defendant pro se alleging employment discrimination.  (ECF No. 1.)  This Court referred the matter to the Magistrate Court for pretrial matters under Administrative Order No. 2013-05.  After Defendant moved for judgment on the pleadings (ECF No. 12), the Magistrate Court entered a Report and Recommendation (R&R) recommending this Court deny the Motion for Judgment on the Pleadings.  (ECF No. 16.)

But then, Plaintiff failed to comply with the Magistrate Court's orders to show cause and repeatedly failed to actively litigate this case.  (*See* ECF Nos. 13, 15, 17, & 18.)  For that reason, the Magistrate Court entered a second R&R recommending this Court dismiss this action without prejudice due to Plaintiff's failure to prosecute.  (ECF No. 19.)  For the reasons below, the Court **ADOPTS** the R&R recommending dismissal for failure to prosecute.  Because the Court is

dismissing this action, the Court deems moot the earlier motion for judgment on the pleadings.[1] (ECF No. 12.)

## THE REPORT AND RECOMMENDATION

The Magistrate Court first explained the procedural history of this case, which justifies dismissal without prejudice for failure to prosecute. (ECF No. 19.) In June 2020, Defendant moved for judgment on the pleadings, but Plaintiff failed to timely respond. (*See* ECF Nos. 13 & 19.) The Magistrate Court ordered Plaintiff to show cause, but Plaintiff did not respond to that order either. (*Id.*) Next, the Magistrate Court directed the parties to meet for a planning conference under Fed. R. Civ. P. 26(f) and submit to the Court a proposed scheduling order. (ECF No. 15.) But Defendant was unable to reach Plaintiff. (*See* ECF Nos. 18 & 19.) And so, the Magistrate Court directed Plaintiff to "advise the court of his intent to pursue the action by the end of business on Thursday, October 15, 2020," or face dismissal. (ECF No. 18 at PageID 59.) To date, Plaintiff has not responded to the Magistrate Court's orders.

Accordingly, the Magistrate Court recommended this Court dismiss this action without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). What is more, Plaintiff has not objected to the Magistrate Court's R&R.

## ADOPTING THE REPORT AND RECOMMENDATION

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff did not object to

---

[1] Even though Defendant's motion for judgment on the pleadings is moot, the Court recognizes the Magistrate Court reached a sound conclusion in the first R&R. (ECF No. 16.) If the motion for judgment on the pleadings was not moot, the Court would be inclined to adopt the Magistrate Court's first R&R.

2

the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 72(b)(2).  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

The Court also notes that the Sixth Circuit has at times analyzed four factors in deciding to dismiss without prejudice for failure to prosecute, and those factors also support dismissal. *See Muncy v. G.C.R., Inc.*, 110 Fed. Appx. 552, 555–56 (6th Cir. 2004).  Those factors are:  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Id.* at 555; *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  Yet, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed . . . . because the dismissed party is ultimately not irrevocably deprived of his day in court."  *Muncy*, 110 Fed. Appx. at 556.

Here, analyzing these factors, dismissal without prejudice is still warranted.  First, the Plaintiff bears the responsibility to comply with court orders, and he also bears the fault for not doing so.  This first factor weighs in favor of dismissal.

Second, the Sixth Circuit has explained that a plaintiff's conduct creates prejudice where the defendant is required to "waste time, money, and effort in pursuit of cooperation which the

3

plaintiff was legally obligated to provide." *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013).  Defendant will suffer prejudice if this case lingers while Defendant cannot proceed or reach Plaintiff.

Third, the Magistrate Court advised Plaintiff that this action would be dismissed if he failed to notify the Court of his intent to pursue this action.  (ECF No. 18 at PageID 59.)  And so, the Court put Plaintiff on notice of the risk of dismissal.

Fourth, the Magistrate Court imposed less drastic sanctions such as entering orders to show cause.  (*See* ECF Nos. 13 & 18.)  Moreover, as dismissal is *without* prejudice, this is a less drastic sanction that dismissing *with* prejudice.  At this point, the Court cannot discern a less drastic sanction that will not prejudice the Defendant.  So this factor too weighs in favor of dismissal.

In sum, the Court **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 17th day of November, 2020.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE